```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ALABAMA
                         JASPER DIVISION
```

MOSS LEVIN, JOINT VENTURE, et al.,

    Plaintiffs,

v.

THE FIDELITY AND CASUALTY COMPANY OF NEW YORK, et al.,

    Defendants.

CIVIL ACTION NO.
02-AR-0590-J

**ENTERED**
APR 17 2002

## MEMORANDUM OPINION

Defendant, The Fidelity and Casualty Company of New York ("Fidelity"), removed this case to this court from the Circuit Court of Walker County, Alabama, alleging the existence of complete diversity between plaintiffs and Fidelity and the requisite jurisdictional amount pursuant to 28 U.S.C. § 1332. A non-diverse defendant, Donna Stanley ("Stanley"), is alleged by Fidelity to have been fraudulently joined for the purpose of destroying removal jurisdiction. This procedural circumstance means that Stanley is deemed to have filed a motion to dismiss pursuant to Rule 12(b)(6), F.R.Civ.P. In considering the motion of plaintiffs, Moss Levin, Joint Venture, et al. ("plaintiffs"), to remand, the question presented is whether plaintiffs have stated a viable claim against Stanley, who admittedly shares Alabama citizenship with plaintiffs.

Plaintiffs have overlooked, and therefore have waived, possible fatal procedural defects in the removal. For instance, Fidelity arguably waived its right to remove by filing a motion to dismiss in the state court before the removal. See *Sholz v. RDV Sports, Inc.*, 821 F. Supp.



1469 (M.D. Fla. 1993). Further, although Fidelity stated in its notice of removal its intention to serve a copy of the notice on the Clerk of the Circuit Court of Walker County, as required by 28 U.S.C. § 1446(d), this court's routine check with the clerk of the state court with respect to this fact issue reflects that no such notice was timely filed by Fidelity, rendering the removal ineffectual if this defect had been timely raised by plaintiffs.

The jurisdictional question is complicated by this court's taking judicial notice of its own ruling of February 19, 2002, in *The Fidelity and Casualty Company of New York v. Moss Levin, Joint Venture, et al.*, CV-01-AR-2841-J. In that case, this court dismissed the mirror image of this case in deference to the state court's jurisdiction over the underlying case as well as over this very case that was then pending in the state court. Fidelity did not appeal from the final judgment of this court in CV-01-AR-2841-J. This court, with the help of Fidelity, arguably created a judicial estoppel that would have precluded this removal.

Plaintiffs have not asked this court to remand the case on a theory of abstention or on a theory of judicial estoppel. Abstention was the heart and soul of this court's reasoning in CV-01-AR-2841-J, just as it was in *National Mutual Fire Insurance Company, et al. v. John H. Allen, et. al.*, CV-00-AR-1662-S, the case relied upon in CV-01-2841-J. As a practical matter, this court is not in a position to decide factual disputes governing the various theories of liability relied upon by plaintiffs in the underlying case. The coverage question or questions will only arise, if at all, when there has been a determination of which,

if any, of plaintiffs' theories in the underlying case are meritorious. This court's rationale in CV-00-AR-1662-S applies to the procedural quagmire of this case, just as much as it did to CV-01-AR-2841-J. And yet, neither abstention nor judicial estoppel is available as a basis for declining jurisdiction upon removal under 28 U.S.C. § 1332 when plaintiffs have only pointed to one alleged jurisdictional defect.

Limiting itself, as it must, to the single issue raised by plaintiffs in their motion to remand, the court finds that plaintiffs have not stated and cannot state a cause of action against Stanley. Plaintiffs have put their jurisdictional eggs in a fatally leaky basket. No cause of action can be stated by a would-be insured against an individual for having orally misrepresented prospective coverage, that is, if the actual insurance policy was thereafter delivered and contained coverage that differs from what may justifiably have been expected in view of whatever was represented by the agent. Under such circumstances, a cause of action for rescission and return of premium could be stated, but there can be no basis in such a scenario for recovering compensatory or punitive damages against the agent. In the interval between the issuance of an oral binder and the subsequent delivery of the policy, an individual who is authorized to do so by the insurer, whether actually or ostensibly, can orally bind the insurer. An oral binder obviously contains less specificity and less detail than the subsequent written policy itself, but it can nevertheless create liability for the insurer. If an allegedly orally covered "occurrence" takes place before the written contract of insurance is delivered, a trier of fact may be called upon to resolve any differences between the recollections of the agent

and of the insured about the relevant terms of the oral coverage. However, neither Stanley nor Fidelity is being sued here on an oral binder. Stanley, therefore, is not a legitimate target, either *ex contractu* or *ex delicto*, for anything she is alleged to have said that may have induced plaintiffs to purchase an insurance policy from Fidelity. Furthermore, if Stanley had misrepresented any then-existing fact so as theoretically to create an Alabama cause of action for fraud or deceit, the Alabama statute of limitations was, without doubt, triggered by the subsequent delivery of the policy itself, and the action is barred. This court, shortly before leaving the practice of law, learned this principle of Alabama law the hard way by representing a defrauded plaintiff in *First Federal Savings and Loan Association of Miami v. Mortgage Corporation of the South*, 650 F.2d, 1376 (5th Cir. 1981) and not getting to court in time. An insured either knows, or, by the exercise of reasonable diligence, should know of a misrepresentation after the actual policy is delivered and is available for perusal by the insured.

Stanley's implicit motion to dismiss is due to be granted, and the action, as aimed at her, will necessarily be dismissed. It follows that plaintiffs' motion to remand is due to be denied, because this court does have subject matter jurisdiction, there being complete diversity and the amount in controversy admittedly exceeding $75,000.00.

Contemporaneously with its notice of removal, Fidelity filed a motion to dismiss pursuant to Rule 12(b)(6), F.R.Civ.P., taking the position that there is no justiciable controversy. Fidelity's position tends to confirm this court's suggestion that a judicial estoppel

4

existed, but was waived. The motion to dismiss under the circumstances of this case is due to be granted, without prejudice, however, to plaintiffs' right to refile in the event Fidelity should discontinue providing plaintiffs' defense in the underlying case or in the event the outcome of the underlying case creates a justiciable controversy over coverage. Fidelity describes this action as "moot." This court prefers the term "premature."

   Plaintiffs are represented by experienced and competent counsel who are sophisticated enough to look out for the interests of their clients in the state court in the underlying action. This is true with or without the cooperation of the lawyers for Dulin Energies, et al. This court trusts that the professional responsibility owed to plaintiffs by their lawyers in this case includes the obligation to monitor Fidelity's defense of them in the underlying case. Plaintiffs' independent and non-conflicted counsel may be called upon to insinuate themselves into the underlying case alongside the counsel picked by Fidelity only for the purpose of assuring, to the extent possible, that appropriate special interrogatories will be asked of the jury for the purpose of resolving or setting up the coverage questions. Only when the jury speaks in the underlying case will the coverage questions become either moot or ripe.

   For this court to proceed further with this case would be to address hypothetical questions and to prejudge or predict the outcome of the underlying case. These are things this court cannot do. In short, this court subscribes to the following proposition by the Supreme Court of Alabama:

> ". . . a declaratory-judgment action is an insufficient alternative in cases where the question of coverage is

dependent upon the factual basis of a jury's verdict."

*Mutual Assurance, Inc. v. Chancey*, 781 So. 2d 172, 175 (Ala. 2000).

A separate order consistent with this opinion will be entered. DONE this  17th  day of April, 2002.

/s/ William M. Acker
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE